UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Paul Kuhne, on behalf of himself and all others similarly situated,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Midland Credit Management, Inc. and Midland Funding NCC-2 Corp.,<br><br>　　　　Defendants. | 06 CV 5888<br><br>JURY DEMANDED<br><br>CLASS ACTION |

## CLASS ACTION COMPLAINT

Plaintiff Paul Kuhne files this Complaint against Defendants Midland Credit Management, Inc. and Midland Funding NCC-2 Corp. for their violations of the Fair Debt Collection Practices Act.

*Introduction*

1.　This action seeks redress for the Defendants' deceptive practices concerning the collection of debts, committed in violation of the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. § 1692, *et seq.*

*Parties*

2.　Kuhne is a citizen of the State of New York who resides within this district.

3.　Kuhne is a "consumer," as that term is defined by § 1692a(3) of the FDCPA, in that the alleged debt that Defendants sought to collect from him is a consumer debt.

1

4. The debt Defendants attempted to collect was purportedly owed to "Midland Funding NCC-2 Corp." and was purportedly incurred primarily for personal, family or household purposes.

5. Defendant Midland Credit Management, Inc.'s principal place of business is located at 8875 Aero Drive, San Diego, CA 92123 but sends collection correspondence into this district.

6. Defendant Midland Funding NCC-2 Corp.'s principal place of business is located at 8875 Aero Drive, San Diego, CA 92123 but sends collection correspondence into this district.

7. Defendant Midland Credit Management, Inc. regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

8. Defendant Midland Funding NCC-2 Corp. regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

9. Defendant Midland Credit Management, Inc. is regularly engaged for profit in the collection of debts allegedly owed by consumers.

10. Defendant Midland Funding NCC-2 Corp. is regularly engaged for profit in the collection of debts allegedly owed by consumers.

11. Defendant Midland Credit Management, Inc. is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

12. Defendant Midland Funding NCC-2 Corp. is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

### *Jurisdiction and Venue*

13. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

14. Venue is proper in this district under 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

15. Venue is also proper in this district since Defendants can be found, have agents or transacts business in this district.

### *Factual Allegations*

16. Sometime in 2005, on a date better known by Defendants, Defendants attempted to collect an alleged debt from Kuhne.

17. The debt was allegedly due to "Midland Funding NCC-2 Corp." which claimed to have purchased the debt from "ASSOCIATES."

### *The Letter*

18. On or about August 4, 2005, Defendants sent Kuhne a form collection letter on Midland Credit Management, Inc. letterhead, a copy of which is attached as Exhibit A.

19. In the August 4, 2005 letter, Defendants attempts to collect from Kuhne the sum of $3,204.84.

20. Exhibit A violated one or more provisions of the FDCPA.

21. In the collection letter, Defendants advises Kuhne that they have **"GREAT NEWS for YOU!"**

22. Defendants proceed to advise Kuhne repeatedly that if he takes advantage of their **"Interest FREE program"** within twenty-nine days by paying the sum of $2,517.41, he will **"PAY ONLY Principle [sic] Balance"** of $2,517.41 and **"SAVE $687.43!"**

23. Defendants' letter advised Kuhne and the proposed class members that they would not have to pay interest if they made payment within twenty-nine days.

3

24.     But the statements made in Defendants' August 4, 2005 letter were false because Kuhne, and the proposed class members, were still paying interest for the entire period before the date the original creditor charged off the debt, in Kuhne's case on or about January 16, 2001.

## COUNT I
### *Violations of Sections 1692e, e(2), and e(10) of the*
### *Fair Debt Collection Practices Act Brought by Kuhne on Behalf of Himself*
### *and the Members of a Statewide Class, Against Defendants*

25.     Plaintiff hereby restates, realleges, and incorporates by reference all foregoing paragraphs as if set forth fully in this Count.

26.     This Count is brought on behalf of Kuhne and a statewide class, <u>Class A</u>, consisting of all consumers who, according to Defendants' records, had a New York address and: (a) within one year before the filing of this action; (b) were sent a collection letter in a form materially identical or substantially similar to the letter sent to the Plaintiff on or about August 4, 2005, attached as <u>Exhibit A</u>; and (c) the letter was not returned by the postal service as undelivered.

27.     Under Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A)     Based on the fact that the collection letter at the heart of this litigation is a mass-mailed form letter, the class is so numerous that joinder of all members is impractical.

(B)     Questions of law and fact common to the class predominate over any questions affecting only individual class members. The principal question involving the Class is whether the form of the August 4, 2005 letter sent by Defendants violates § 1692e and its subsections by deceptively representing that, by paying the amount requested therein, the class members would not be paying interest on their alleged debts.

(C)     The only individual issues are the identification of the consumers who received the letters, (*i.e.* the class members), and who paid what after the letters were sent out, both of which are matters capable of ministerial determination from the Defendants' records.

    (D)    Kuhne's claims are typical of those of the class members. All are based on the same facts and legal theories.

    (E)    Kuhne will fairly and adequately represent the class members' interests and his interests are consistent with the class members' interests. Kuhne has retained counsel experienced in bringing class actions and collection abuse claims.

28. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. *See* 15 U.S.C. 1692k. The members of the class are generally unsophisticated consumers, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

29. If the facts are discovered to be appropriate, Kuhne will seek to certify the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

### *Defendants' Violations of §1692e, e(2), and e(10)*

30. Collection letters, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

31. Section 1692e of the FDCPA states that a debt collector cannot "use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

32. Section 1692e(2) of the FDCPA states that a debt collector cannot falsely represent "the character, amount, or legal status of any debt."

33. Section 1692e(10) states that a debt collector cannot "use any false representation or deceptive means to collect or attempt to collect any debt."

34.  Defendants' acts violate the FDCPA, 15 U.S.C. § 1692e, e(2), and e(10) by, among other things:

(a)  Falsely and deceptively representing that by paying the amount requested "today," the class members would not be paying interest on the principal amount of their debts.

(b)  Falsely and deceptively representing the class members principal balance when, in fact, the so-called "Principle [sic] Balance" included pre-charge-off interest.

35.  Defendants are therefore liable to Kuhne and the members of the class for violating § 1692e, e(2), and e(10) of the FDCPA.

36.  In addition to being liable for statutory damages under the FDCPA, Defendants are liable for actual damages in the amount of any interest collected from consumers after sending the letter (Exhibit A) claiming that payment of the so-called "Principle [sic] Balance" would not include any interest – *i.e.*, that such payments would be **"Interest Free!"**

WHEREFORE, Plaintiff requests that this Court grant the following relief in his favor and on behalf of the Class, against Defendants:

A)  Statutory damages as provided by §1692k of the FDCPA;

B)  Actual damages as provided by §1692k of the FDCPA;

C)  Attorneys' fees, litigation expenses and costs incurred in bringing this action;

D)  A declaration that Defendants' form letters, represented by the form sent to the Plaintiff on or about August 4, 2005, violate the FDCPA; and

E)  Any other relief that this Court deems appropriate and just.

### *Demand for Jury Trial*

Please take notice that Plaintiff demands trial by jury in this action

Dated:   New York, New York
         August 3, 2006

>Respectfully submitted,
>
>BROMBERG LAW OFFICE, P.C.
>
>By: *[signature]*
>Brian L. Bromberg (BLB: 6264)
>One of Plaintiff's Attorneys

<u>Attorneys for Plaintiff</u>
Brian L. Bromberg (BB - 6264)
Bromberg Law Office, P.C.
40 Exchange Place, Suite 2010
New York, NY 10005
(212) 248-7906

Lance A. Raphael (LR - 3625)*
Stacy M. Bardo (SB - 4426)*
Attorneys at Law
180 West Washington, Suite 700
Chicago, IL 60602
(312) 782-5808

* NOTE – Out-of-state counsel will move for *pro hac vice* admission shortly after the case is assigned to a judge, the complaint is served, and the Defendant appears.

7

# Exhibit A

**mcm**

P.O. Box 939069
San Diego, CA 92193-9019

|||||||||||||||||||||||||||||||||

ADDRESS SERVICE REQUESTED

08-04-2005

#BWNHLTH
#0000 0851 0502 1514#
PAUL A KUHNE
PO BOX 440240
SOMERVILLE, MA 02144-0026

Contact Information: Tel (800) 282-2644
                     Fax (800) 306-4443
Hours of Operation:  M-Th 6am - 7pm; Fri 6am - 5pm;
                     Sat 6am - Noon PST
Current Owner:       Midland Funding NCC-2 Corp
Original Creditor:   ASSOCIATES
MCM Account No:      8510502151
Principle Balance + Pending Interest: $3,204.84
Offer Expiration Date: **09-03-2005**
Letter Code:         04326019

---

Dear PAUL A KUHNE,

**GREAT NEWS for YOU!** Midland is offering an **Interest FREE** program so that you can pay off your ASSOCIATES account today, **Interest FREE!** Your agreement with the original creditor allows us to charge interest at an annual rate of 6% back to 01-16-2001. From 01-16-2001 through 08-04-2005, interest of $687.43 has been calculated on your balance. This pending interest will be added to your account on 09-03-2005 and your account will continue to accrue interest from now on, **UNLESS** you take advantage of this **Interest FREE** offer by **09-03-2005**. See the details below, and **ACT NOW!**

- **Interest Free Offer:** If you pay $2,517.41 by 09-03-2005, or make arrangements to settle the account in three consecutive monthly payments, and you meet the terms of your arrangement, the currently pending interest and future interest charges after today's date will **NOT** be applied to your account.

- Once the payment arrangements have been successfully completed, the debt will be reported as **PAID**, provided the federal reporting period has not expired.

**DON'T WAIT, ACT NOW, and SAVE $687.43!** CALL us toll-free at (800) 282-2644, our account managers are ready to assist you, or mail your check payable to Midland Credit Management, Inc. in the amount of $2,517.41 along with the coupon to the address below.

PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION.

Sincerely,
J. Black
President

---

*Please tear off and return lower portion with payment in envelope provided*

**PAY NOW & SAVE
$687.43!**

PAUL A KUHNE
PO BOX 440240
SOMERVILLE, MA 02144-0026

| | |
|---|---|
| MCM Account Number: | 8510502151 |
| Principle Balance + Pending Interest: | $3,204.84 |
| **YOU PAY ONLY Principle Balance:** | **$2,517.41** |

Make Check Payable to:   Midland Credit Management, Inc.

**mcm**
Midland Credit Management, Inc.
Department 8870
Los Angeles, CA 90084-8870

||..|..||...||...|..|..|..|..||..|..|..|..|...|||....||..|

10  8510502151  4  0251741  090305  8

1322

INDF
DATA 301CR2-K-20#