```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -x

PAUL KUHNE, on behalf of himself      :
and all others similarly situated,
                                      :
              Plaintiff,                    MEMORANDUM DECISION
                                      :
      - against -                           06 Civ. 5888 (DC)
                                      :
MIDLAND CREDIT MANAGEMENT, INC.
and MIDLAND FUNDING NCC-2 CORP.,      :

              Defendants.             :

- - - - - - - - - - - - - - - - - - -x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/9/2007

**APPEARANCES:**   BROMBERG LAW OFFICE, P.C.
          Attorneys for Plaintiffs
              By:  Brian L. Bromberg, Esq.
          40 Exchange Place, Suite 2010
          New York, New York  10005
              - and -
          LANCE A. RAPHAEL, ESQ.
          STACY M. BARDO, ESQ.
          180 West Washington, Suite 700
          Chicago, Illinois  60602

          PINO & ASSOCIATES, LLP
          Attorneys for Defendants
              By:  Thomas E. Healy, Esq.
          Westchester Financial Center
          50 Main Street
          White Plains, New York  10606

**CHIN, D.J.**

On or about August 4, 2005, defendant Midland Credit Management, Inc. ("Midland"), sent plaintiff Paul Kuhne, a New York resident, a debt collection letter informing him that he owed Midland $3,204.84 for an outstanding debt that Midland had purchased from one of Kuhne's creditors. The letter was addressed to Kuhne at an address in Massachusetts, apparently his parents' residence. The letter advised Kuhne that if he took

advantage of Midland's "Interest Free Program" by paying $2,517.41 -- the "Pay Only Principle [sic] Balance" -- within 29 days, he could save the current interest amount of $687.43. Kuhne alleges that Midland's letter contained false and deceptive representations because it failed to disclose that the settlement amount offered already included interest, though it claimed that the program was "interest free."

Kuhne filed his class action complaint on August 3, 2006.  He sues on behalf of himself and "a statewide class" consisting of "all consumers, who according to Defendants' records, had a New York address and: (a) within one year before the filing of this action; (b) were sent a collection letter in a form materially identical or similar to the letter sent to the Plaintiff on or about August 4, 2005 . . . and; (c) the letter was not returned by the postal service as undelivered."  (Compl. ¶ 26; see id. Ex. A).  Kuhne alleges that Midland is liable for deceptive practices in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.

On December 11, 2006, Midland filed an answer to the complaint.  On March 9, 2007, Midland moved for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), contending that Kuhne's complaint fails to plead specific facts that would entitle him to act as a representative of the proposed class. For the reasons that follow, the motion is granted.

**DISCUSSION**

A motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is analyzed under the same standard as a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  See Sheppard v. Beerman, 18 F.3d 147, 150 (2d Cir. 1994).  Accordingly, judgment on the pleadings is appropriate only if, drawing all reasonable inferences in favor of the non-moving party, it is apparent from the pleadings that no set of facts can be proven that would entitle the plaintiff to relief. See id.  The well-pleaded factual allegations of the complaint are assumed to be true and "all contravening assertions in the movant's pleadings are taken to be false."  5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1368 (3d ed. 2004).

In deciding a motion for judgment on the pleadings, a court may consider the pleadings and exhibits or documents incorporated by reference, as well as matters subject to judicial notice.  See Prentice v. Apfel, 11 F. Supp. 2d 420, 424 (S.D.N.Y. 1998) (citing Brass v. Am. Film Techs., Inc., 987 F. 2d 142, 150 (2d Cir. 1993)).  Where a plaintiff's conclusory allegations are clearly contradicted by documentary evidence incorporated into the pleadings by reference, however, the court is not required to accept them.  See Matusovsky v. Merrill Lynch, 186 F. Supp. 2d 397, 400 (S.D.N.Y. 2000).

Midland moves for judgment on the pleadings on the grounds that Kuhne is not a member of the class that he purports

to represent.  The putative class defined in the complaint consists of "a statewide class . . . consisting of all consumers, who <u>according to Defendants' records</u>, had a New York address." (Compl. ¶ 26) (emphasis added).  Kuhne alleges that he is a citizen of New York and resides in the Southern District of New York, but he does not allege that he had a New York address according to Midland's records.  Indeed, the notice in question was sent to Kuhne at a Massachusetts address.  Although the Court is not bound by the class definition proposed in the complaint, <u>see</u> <u>Robidoux v. Celani</u>, 987 F.2d 931, 937 (2d Cir. 1993), Kuhne must be a member of the putative class to bring a class action. <u>See</u> <u>General Telephone Co. of Southwest v. Falcon</u>, 457 U.S. 147, 156 (1982) (holding that "a class representative must be part of the class and 'possess the same interest and suffer the same injury' as the class members") (quoting <u>East Texas Motor Freight Sys., Inc. v. Rodriguez</u>, 431 U.S. 395, 403 (1977)); <u>Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.</u>, 222 F.3d 52, 59 (2d Cir. 2000) ("[W]e affirm the district court's denial of Baffa's motion for certification because he is not a member of the class."); 7A Charles A. Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1761 (3d ed. 2004) (explaining that prerequisite to bringing class action is that named representative be a member of class that party purports to represent).

     Kuhne alleges that he is a resident of New York, and argues in his opposition papers that he had a New York address according to Midland's records.  (Kuhne Opp. at 4).  On a motion

for judgment on the pleadings, however, the Court may only consider the pleadings and any exhibits incorporated by reference. See Prentice, 11 F. Supp. 2d at 424. Kuhne has not alleged in the complaint that he has a New York address according to defendant's records. To the contrary, the exhibit to the complaint -- the letter -- shows that according to defendant's records, Kuhne had a Massachusetts address.

Kuhne also argues that he actually received the letter in New York, as he contends that the letter was forwarded from Massachusetts to him in New York. But these facts are not alleged in the complaint, and even assuming they were, Kuhne still does not fit within the definition of the class as alleged in the complaint.

Accordingly, Midland's motion is granted, and the complaint is dismissed. If Kuhne wishes to pursue this action, he must amend his complaint within 30 days hereof, setting forth specific facts demonstrating that he is a member of the putative class.

SO ORDERED.

Dated:   New York, New York
         August 9, 2007

DENNY CHIN
United States District Judge